UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD DRESSLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIZUHO ORTHOPEDIC SYSTEMS, INC.,<br><br>　　　　Defendant. | Case No. 10-cv-670-JPG |

**MEMORANDUM AND ORDER**

**I.　　Jurisdiction**

In light of Seventh Circuit admonitions, *see*, *e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled.  The Court has noted the following defect in the jurisdictional allegations of the Notice of Removal (Doc. 2) filed by defendant Mizuho Orthopedic Systems, Inc.:

- **Failure to allege the citizenship of a corporation.**  A corporation is a citizen of both the state of its principal place of business and the state of its incorporation.  28 U.S.C. § 1332(c)(1).  The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party.  Dismissal is appropriate if a plaintiff fails to make such allegations.  *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994).  The defendant has alleged that it is "registered" in Delaware and that its principal place of business is California, but it has not alleged its state of incorporation.  Registration is not the same as incorporation.

The Court hereby **ORDERS** that the defendant shall have up to and including September 24, 2010, to amend the faulty pleading to correct the jurisdictional defect.  Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction.  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  The defendant is directed to consult Local Rule 15.1 regarding amended

pleadings and need not seek leave of Court to file such amended pleading.

**II.     Corporate Disclosure Statement**

After reviewing the notice of removal, the Court notes that the defendant has violated Federal Rule of Civil Procedure 7.1, which requires a non-governmental corporate party to submit a corporate disclosure statement at the time of its first appearance, pleading, petition, motion, response or other request addressed to the Court.  The Court hereby **ORDERS** the defendant to file on or before September 24, 2010, the appropriate corporate disclosure statement.  Failure to comply with this order may result in striking of the notice of removal pursuant to the Court's inherent authority.

**IT IS SO ORDERED.**
**DATED:  September 8, 2010**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **DISTRICT JUDGE**